No.  92-625

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

DAVID C. MOGAN

      Plaintiff and Appellant,

  v.

CITICORP DINERS CLUB INC.,
CAPITAL CREDIT CORPORATION;
SCHWARTZ & SCHWARTZ; and
ROGER CANE,

      Defendants and Respondents.

**FILED**

MAR 2 5 1993

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Tenth Judicial District,
               In and for the County of Fergus,
               The Honorable Peter L. Rapkoch, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          David C. Mogan, Lewistown, Montana, Pro Se

      For Respondents:

          Rodney T. Hartman, Don M. Hayes; Herndon, Hartman,
          Sweeney & Halverson, Billings, Montana

Submitted on Briefs:  March 18, 1993

Decided:  March 25, 1993

Filed:

_____
                Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

David C. Mogan appeals from the entry of summary judgment in favor of Citicorp Diners Club Inc. by the Tenth Judicial District, Fergus County. We affirm.

The sole issue on appeal is whether the District Court erred in granting summary judgment.

Appellant Mogan filed a complaint against Citicorp Diners Club Inc. (Citicorp), Capital Credit Corporation, Schwartz & Schwartz and Roger Cane on February 16, 1990. The complaint alleged that defendants may have failed to comply with the federal Fair Debt Collection Practices Act (FDCPA). Only one summons was issued and served--to Citicorp--in the action. The remaining defendants were never served and did not appear.

In answer to the complaint, Citicorp denied Mogan's allegations. It also counterclaimed against Mogan, seeking recovery of the delinquent balances on his two credit card accounts. Pursuant to the terms of the credit card agreements, Citicorp also sought attorneys' fees.

Citicorp moved for summary judgment on both Mogan's claim and its counterclaim. The District Court granted the motion and subsequently entered judgment in Citicorp's favor dismissing Mogan's claim and awarding Citicorp the principal amounts due on Mogan's credit card accounts plus interest and attorneys' fees. Mogan appeals.

Summary judgment is proper when the pleadings and discovery on

file, together with any offered affidavits, establish that no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P. Here, Citicorp's counterclaim sought collection of monies owed by Mogan on his credit card accounts. Citicorp established by affidavit the existence of the debt, the amount of the debt, the fact that the debt remained unpaid, and the responsibility of Diners Club card holders for attorneys' fees in the event delinquent accounts must be referred for collection. Mogan did not specifically deny the existence or amount of the debt, that it remained unpaid or that card holders were liable for attorneys' fees in answers to discovery requests or by affidavit. Mogan having failed to establish the existence of any genuine issue of fact material to Citicorp's counterclaim, the District Court did not err in granting summary judgment to Citicorp on the counterclaim pursuant to Rule 56(c), M.R.Civ.P.

In granting summary judgment to Citicorp, the District Court also dismissed Mogan's cause of action against Citicorp under the FDCPA with prejudice. Citicorp established that no genuine issues of material fact existed as to the FDCPA claim against it and that it was entitled to judgment as a matter of law. Mogan provided the court with no evidence or legal authority which would bring Citicorp within the definition of "debt collector" under the FDCPA and does not cite this Court to any authority supporting reversal of the District Court's decision. Furthermore, we note that Mogan himself requested dismissal of his action against Citicorp, without

3

prejudice. Given the state of the record before the District Court and this Court, we conclude that the District Court did not err in dismissing Mogan's complaint against Citicorp with prejudice.

Finally, we note that Mogan asserts error in the District Court's dismissal of his claim against Capital Credit Corporation, Schwartz & Schwartz and Roger Cane. This assertion of error is frivolous and totally unfounded. As noted above, those defendants were never served and did not appear; they were not before the District Court. The District Court's order granting summary judgment to Citicorp and its judgment in Citicorp's favor does not mention the other defendants and does not dismiss the claim against them.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

Affirmed.

_____
Justice

We concur:

_____
_____
_____
_____
Justices

4

March 25, 1993

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

DAVID C. MOGAN
P.O. Box 21
Lewistown, MT 59457

Rodney T. Hartman
HERNDON, HARTMAN, SWEENEY & HALVERSON
P.O. Box 80270
Billings, MT 59108-0270

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _M. Tudor_
    Deputy